SIM GILL (USB#6389)
DISTRICT ATTORNEY FOR SALT LAKE COUNTY
DAVID H.T. WAYMENT (USB#5159) dwayment@slco.org
DONALD H. HANSEN (USB#1332) dhansen@slco.org
Deputy District Attorneys
SALT LAKE COUNTY DISTRICT ATTORNEY'S OFFICE
2001 South State Street, S3700
Salt Lake City, UT 84190
(801) 468-3421 (telephone)
(801) 468-2622 (facsimile)
   *Attorneys for Defendants Salt Lake County and Sheriff James Winder*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DIVISION OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TAMMY MARTINEZ, mother, personal representative, and heir of CARLOS UMANA, deceased; and THE ESTATE OF CARLOS UMANA, by his Personal Representative, Tammy Martinez,<br><br>Plaintiffs,<br><br>vs.<br><br>JIM WINDER, Sheriff of Salt Lake County in his individual and official capacity; MHM SERVICES, INC., a Corporation; SALT LAKE COUNTY, a Political Subdivision; and JOHN AND JANE DOE OFFICERS/EMPLOYEES 1-20, in their individual and official capacities,<br><br>Defendants. | **DEFENDANTS SALT LAKE COUNTY AND SHERIFF WINDER'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br>**and**<br>**CROSS-CLAIM AGAINST DEFENDANT MHM SERVICES, INC.**<br><br>Case No. 2:11cv670<br><br>Judge Ted Stewart |

## I. ANSWER

Defendants SALT LAKE COUNTY and SHERIFF JAMES WINDER (collectively, "Defendants"), answer the Complaint and Jury Demand (hereafter, "Complaint") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Turning to the specific allegations of the Complaint, Defendants respond as follows (the following paragraphs correspond numerically to the paragraphs of the Complaint):

Plaintiffs' "Preliminary Statement" (Complaint, p. 2) constitutes legal arguments, citations and conclusions and therefore does not appear to require an answer of these Defendants, but if answer is required, Defendants deny for lack of information or knowledge.

1. Appears to require no answer, but if an answer is required, Defendants deny for lack of information or knowledge.

2. Appears to require no answer, but if an answer is required, Defendants deny for lack of information or knowledge.

3. Admit.

4. Appears to require no answer, but if an answer is required, Defendants deny for lack of information or knowledge.

5. Appears to require no answer, but if an answer is required, Defendants deny for lack of information or knowledge.

6. Appears to require no answer, but if an answer is required, Defendants deny for lack of information or knowledge.

7. Admit that Mr. Umana was a pretrial detainee at Salt Lake County Adult Detention Facility located in South Salt Lake City and deny the remaining allegations for lack of information or knowledge.

8. Deny that Sheriff Winder was responsible for administering and training employees and contractors who attended to inmates and pretrial detainees with mental health problems, including eating disorders and hunger strikes and admit the remaining allegations.

9. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

10. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

11. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

12. Admit that Salt Lake County was the employer, operator, and/or administrator of the Facility, and was a political subdivision organized and existing under the laws of the State of Utah.  Admit that Salt Lake County and its agents, are state actors and are responsible for the day-to-day running of the Facility as well as the policy-making, training and supervision of the employees of the Facility. Admit that Salt Lake County was responsible to train and supervise its employees to manage and attend to inmates and pretrial detainees who had mental health issues.  Deny the remaining allegations for lack of information or knowledge.

13. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

14. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

15. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

16. Admit.

17. Deny for lack of information or knowledge.

18. Deny.

19. Deny for lack of information or knowledge.

20. Deny for lack of information or knowledge.

21. Deny for lack of information or knowledge.

22. Deny for lack of information or knowledge.

23. Deny for lack of information or knowledge.

24. Deny for lack of information or knowledge.

25. Deny for lack of information or knowledge.

26. Deny for lack of information or knowledge.

27. Appears to require no answer and merely restates and incorporates by references allegations set forth in previous paragraphs, but if an answer is required, defendants deny for lack of information or knowledge.

28. (a) – (e) Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

29. (a) – (f) Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

35. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

36. Appears to require no answer and merely restates and incorporates by reference allegations set forth in previous paragraphs, but if an answer is required, defendants deny for lack of information or knowledge.

37. (a) – (c) Appears to require no answer by these Defendants, but if an answer is required, defendants deny for lack of information or knowledge.

38. (a) – (f) Appears to require no answer by these Defendants, but if an answer is required, defendants deny for lack of information or knowledge.

39. Appears to require no answer by these Defendants, but if an answer is required, defendants deny for lack of information or knowledge.

40. Appears to require no answer by these Defendants, but if an answer is required, defendants deny for lack of information or knowledge.

41. Appears to require no answer by these Defendants, but if an answer is required, defendants deny for lack of information or knowledge.

42. Appears to require no answer by these Defendants, but if an answer is required, defendants deny for lack of information or knowledge.

43. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

44. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

45. Appears to require no answer and merely restates and incorporates by reference allegations set forth in previous paragraphs, but if an answer is required, defendants deny for lack of information or knowledge.

46. Admit as to Salt Lake County, deny remaining allegations for lack of information or knowledge.

47. Admit as to Salt Lake County and James Winder, deny remaining allegations for lack of information or knowledge.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Appears to require no answer and merely restates and incorporates by reference allegations set forth in previous paragraphs, but if an answer is required, defendants deny for lack of information or knowledge.

55. Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

56. Appears to require no answer, and constitutes mere legal conclusions, citations or arguments, but if an answer is required, defendants deny for lack of information or knowledge.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Appears to require no answer and merely restates and incorporates by reference allegations set forth in previous paragraphs, but if an answer is required, defendants deny for lack of information or knowledge.

63. (a) – (e) Appears to require no answer, but if an answer is required, defendants deny for lack of information or knowledge.

64. (a) – (f) Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Appears to require no answer and merely restates and incorporates by reference allegations set forth in previous paragraphs, but if an answer is required, defendants deny for lack of information or knowledge.

72. Appears to require no answer, and constitutes mere legal conclusions, citations or arguments, but if an answer is required, defendants deny for lack of information or knowledge.

73. Appears to require no answer, and constitutes mere legal conclusions, citations or arguments, but if an answer is required, defendants deny for lack of information or knowledge.

74. Appears to require no answer, and constitutes mere legal conclusions, citations or arguments, but if an answer is required, defendants deny for lack of information or knowledge.

75. Deny.

76. Appears to require no answer, and constitutes mere legal conclusions, citations or arguments, but if an answer is required, defendants deny for lack of information or knowledge.

77. Appears to require no answer, and constitutes mere legal conclusions, citations or arguments, but if an answer is required, defendants deny for lack of information or knowledge.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Defendants deny each and every allegation not specifically admitted.

85. With respect to Plaintiffs' "Prayer for Relief" (Complaint, p. 27), these Defendants deny that plaintiffs are entitled to any relief sought therein.

## THIRD DEFENSE

The fault of the plaintiffs and any other party must be compared and allocated by the jury and any fault attributed to the plaintiffs or other parties must be set off against any judgment attributed to Defendants.

## FOURTH DEFENSE

The Sheriff and deputies at the jail were, at all times, acting within the scope of their employment as a peace officers employed by Salt Lake County and are entitled to good faith or qualified immunity.

## FIFTH DEFENSE

Pursuant to 28 U.S.C. § 1927, these Defendants are entitled to costs and attorneys fees in the defense of this action.

## SIXTH DEFENSE

Plaintiffs' civil rights claims are clearly without merit and frivolous and these Defendants are entitled to an award of attorneys fees pursuant to 42 U.S.C. Section 1988.

## SEVENTH DEFENSE

Defendants were without knowledge or information that would give rise to a reasonable belief that the alleged unconstitutional conduct had occurred or was likely to occur.

## EIGHTH DEFENSE

The conduct alleged by Plaintiffs does not rise to the level of deliberate indifference towards Carlos Umana's constitutional rights and therefore plaintiffs' constitutional claims and claims for damages must fail.

## NINTH DEFENSE

Plaintiffs have failed to show a nexus between official policies, customs or practices and the alleged unconstitutional acts.

## TENTH DEFENSE

No custom, policy, or practice was the legal cause of any constitutional violation alleged by plaintiffs.

## ELEVENTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of qualified immunity.

## TWELFTH DEFENSE

Defendants allege that there may be additional defenses which are unknown to defendants at this time. Defendants reserve the right to amend their answer if additional defenses become known at a later date.

## THIRTEENTH DEFENSE

Plaintiffs have not complied with provisions of the Utah Governmental Immunity Act and their state law claims are barred by that Act.

### FOURTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred by Utah Code Ann., Section 78B-3-104(1), which provides that plaintiffs "may not file an action" against Defendant Winder in his official capacity without posting a bond "in an amount determined by the court."

### FIFTEENTH DEFENSE

Pursuant to UCA § 78B-3-104(3), Sheriff Winder is entitled to recover attorney fees and costs in the event he prevails.

### SIXTEENTH DEFENSE

The fault of Carlos Umana must be compared to the fault, if any, of any or all the defendants herein.

### SEVENTEENTH DEFENSE

Plaintiff Martinez lacks standing.

## II. CROSS-CLAIM AGAINST MHM SERVICES, INC.

Defendants and Cross-Claim Plaintiffs Salt Lake County and James Winder cross-claim against Defendants and Cross-Claim Defendants MHM Services, Inc. ("MHM") as follows:

1. At all times relevant herein, MHM was under a contract with defendant Salt Lake County ]["the County"] to provide accessible, quality, cost-effective mental health services for all prisoners of the County's Adult Detention Center ["Jail"] during the term of said contract.

2. To the degree that any defendant(s) who are now, or may be, named in this action may be determined to be at fault in causing the harm allegedly suffered by Plaintiffs, then such fault should be justly apportioned by the finder of fact among such defendants.

RESPECTFULLY SUBMITTED THIS 31st day of August, 2011

                SIM GILL
                DISTRICT ATTORNEY

                /s/ David H.T. Wayment
                DAVID H.T. WAYMENT
                DONALD H. HANSEN
                DEPUTY DISTRICT ATTORNEYS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of August, 2011, true and correct copies of the foregoing was electronically filed with the clerk of the court using the CM/ECF system, which sent notification of such filing to:

Nan T. Bassett
KIPP AND CHRISTIAN, P.C.
10 Exchange Place, Fourth Floor
Salt Lake City, Utah 84111

Robert B. Sykes
Alyson E. Carter
ROBERT B. SYKES & ASSOCIATES, P.C.
311 South State Street, Suite 240
Salt Lake City, Utah 84111

/s/ Cathy Baker
Legal Assistant